# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-------------------------------------------------------------------x

                Plaintiff/Petitioner,

- against -                                    Index No.

                Defendant/Respondent.
-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>I</u>f you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: http://www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

|  |  |
|---|---|
| Name | Address |
| Firm Name |  |
|  | Phone |
|  | E-Mail |

To: _____

_____

_____

6/6/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

_____

MICHELLENE BARRETT,

                    Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                    Defendant.
_____

Index No.: 532545/2023
Date Purchased: November 6, 2023

Plaintiff designates Kings
County as the place of trial

**SUMMONS**

The basis of the venue is:
Defendant's Principal Place of Business

Plaintiff Resides:    488 East 43rd Street
                                 Brooklyn, NY 11203

To the above-named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiff's' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          November 6, 2023

                              Yours, etc.,

                              STEWART LEE KARLIN
                              LAW GROUP, PC

                              s/ Stewart Lee Karlin

DEFENDANTS' ADDRESS:          STEWART LEE KARLIN, ESQ.
NYC Department of Education       Attorney for Plaintiff
52 Chambers Street                     111 John Street, 22nd Floor
New York, NY 10007                   New York, New York 10038
                                      (212) 792-9670

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
―――――――――――――――――――――――――――x

MICHELLENE BARRETT,

                Plaintiff,         Index No. 532545/2023

  -against-

                                       COMPLAINT
                                       *Jury Trial Demanded*

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                Defendant.

―――――――――――――――――――――――――――x

Plaintiff MICHELLENE BARRETT, ("Plaintiff") by and through her undersigned attorney Stewart Lee Karlin, Stewart Lee Karlin Law Group, P.C., sues the Defendant the Department of Education of The City of New York (henceforth "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking injunctive relief, monetary relief, including past and on-going economic loss, compensatory and other damages for under Title VII, 42 U.S.C. § 2000e, et seq for failing to accommodate Plaintiff's religious practice and other claims pursuant to 42 U.S.C. 1983.

2. Plaintiff was discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, placing her fingerprints into the "Problem Code" which permanently scars her as committing misconduct. As long as Plaintiff is on the Problem Code database, she is blocked from rehired at

1

the Defendant DOE and is barred from working for most schools and agencies in the private sector in New York City.

## PARTIES

3. Plaintiff was an employee for the Department of Education of the City of New York in good standing as a teacher since 2014. Plaintiff has commenced this action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e et seq., in that plaintiff was terminated from her employment due to her religion (Christian). This action seeks declaratory relief, equitable relief, back pay, compensatory damages and attorneys' fees. At all relevant times, Plaintiff is an "employee" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e.

4. At all relevant times, the Defendant has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York and Plaintiff was employed as teacher with Defendant. Defendant is an employer within the meaning of Title VII.

## JURISDICTION AND VENUE

5. Plaintiff filed a claim with the United States Equal Employment Opportunity Commissioner ("EEOC") and received her Right to Sue Letter on August 13, 2023. This Action was commenced within ninety (90) days of receipt of the notice of right to sue letter conferring concurrent jurisdiction on this Court. The Court also has concurrent subject matter jurisdiction pursuant to 28 U.S.C. §1331 for claims arising federal questions under 42 U.S.C. 1983, in particular the protections given by the Fourteenth Amendment to the Constitution.

6. Defendants were at all times acting under color of law.

## STATEMENT OF FACTS

7. Plaintiff was hired as a teacher by the Department in 2014.

8. Plaintiff had elected not to be vaccinated with a COVID-19 vaccine due to her religious practice. Plaintiff is a and her religious practice prevented her from being vaccinated.

9. Plaintiff applied for a religious exemption accommodation saying that she could not, and would not be able to get vaccinated due to her religious beliefs. Her beliefs are sincere and deeply held.

10. On September 24, 2021 Plaintiff received a denial of her Religious exemption accommodation from the Department.

11. On October 1, 2021, Plaintiff received notice that she could no longer enter the school building starting on October 4, 2021. She was placed on a Leave Without Pay ("LWOP") and could not work.

12. On October 2, 2023 Plaintiff was told that her fingerprints were placed on the Department's "no-hire/inquiry"/"Problem Code" database the very same day she was told she had been placed on LWOP.

13. This Problem Code blocks her from getting any money as salary from the Department and tags her file with misconduct and blocked her from future employment with the DOE, and with most private schools and agencies in New York City.

14. Plaintiff is now guilty of insubordination, and suspended from pay without a due process hearing "3020-a" which is guaranteed to her by Law and contract (CBA, Article 21G).

15. Plaintiff duly appealed the decision and the appeal was denied.

3

16. Plaintiff was terminated from her employment on March 17, 2022 because she did not get vaccinated with the COVID vaccine and was denied her religious exemption.

17. As a result of the foregoing, the Defendant violated Title VII by discriminating against Plaintiff due to her religion, resulting in Plaintiff's termination on March 17, 2022.

18. All conditions precedent have been met prior to filing suit.

19. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorneys' fees.

## AS AND FOR A FIRST CAUSE OF ACTION
## TITLE VII-REASONABLE ACCOMMODATION

20. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. Plaintiff, is a practicing Christian and requested reasonable accommodations to accommodate her religious practice to wit to be exempt from the vaccine requirements. With this reasonable accommodation, Plaintiff was capable of performing the essential functions of her job.

22. Plaintiff requested from Defendants reasonable accommodations and Defendant failed to reasonably accommodate Plaintiff.

23. Reasonably accommodating Plaintiff would not have been an undue hardship on Defendant. Plaintiff would have been able to perform the essential functions of her position with the accommodation. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon a failure to accommodate Plaintiff's religious practice in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq.

24. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her religion, unlawfully discriminating against the Plaintiff in the terms and conditions of her

4

employment on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983.

25. As a result of failing to reasonable accommodate Plaintiff, Plaintiff was terminated resulting in her being damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

26. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Defendant refused to enter into an interactive process of negotiation in violation of Title VII. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

28. As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon her religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

29. Plaintiff repeats and re-alleges each and every allegation contained herein.

30. Defendant while acting under the color of law, unlawfully deprived the Plaintiff of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment of the United States Constitution, in that they engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the Plaintiff's religion and Plaintiff's constitutionally protected conduct. In so doing, Defendants intentionally and, with malicious or bad faith intent to injure Plaintiff, selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment. Defendants'

5

conduct was intentional, conducted with bad faith, wholly irrational and arbitrary and to the detriment of Plaintiff.

31. As a direct result of Defendant's violation of the Plaintiff's Fourteenth Amendment rights of equal protection, Plaintiff has suffered irreparable harm for which there is no adequate remedy of law.

32. Defendant's violation of Plaintiff's Fourteenth Amendment rights of equal protection under the law, as alleged herein above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (VIOLATION OF THE FIRST AMENDMENT RIGHT TO FREE SPEECH AND RELIGION)

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. As a result of the defendant's actions and in actions as set forth above, plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983 and the fourteenth amendment due process rights applying the first amendment rights of the U.S. Constitution.

35. As a result of defendant's actions, plaintiff suffered and was damaged.

36. Defendant has deprived plaintiff of such rights under color of State Law.

37. By reason of the foregoing, Defendant unlawfully discrimination against Plaintiff as concerns to his terms, conditions and privileges of employment, in that Defendants by not allowing her to practice her religion and causing her termination.

38. Defendant has deprived plaintiff of such rights under color of State Law.

39. These acts by Defendants are in violation of Plaintiff's rights to practice her religion

6

guaranteed under the First Amendment to the United States Constitution.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**WHEREFORE,** the Plaintiff demands judgement against the Defendant for all compensatory, emotional, psychological and punitive damages, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Reinstating Plaintiff to her former position and salary retroactively with seniority and benefits;

2. Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay;

3. Compensatory damages for past and future economic;

4. An Award of reasonable Attorney fees and litigation costs;

5. Granting such other and further relief that the Court seems just and proper.

Dated: November 6, 2023
New York, New York

STEWART LEE KARLIN
LAW GROUP, P.C.

Stewart Lee Karlin, Esq.
111 John Street, 22nd Floor
New York, NY 10038
(212) 792-9670
slk@stewartkarlin.com

## VERIFICATION

STATE OF NEW YORK)
                    ss.:
COUNTY OF NEW YORK)

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
       November 6, 2023

                                            /s/Stewart Lee Karlin
                                            STEWART LEE KARLIN, ESQ.

8

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.: The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       November 6, 2023

                                        /s/Stewart Lee Karlin
                                        STEWART LEE KARLIN, ESQ.



# NYSCEF Confirmation Notice
## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 11/06/2023 04:58 PM. Please keep this notice as a confirmation of this filing.

**532545/2023**
Michellene Barrett v. The Department of Education of the City of New York
Assigned Judge: None Recorded

### Documents Received on 11/06/2023 04:58 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

Stewart Lee Karlin | slk@stewartkarlin.com | (212) 792-9670
111 John Street, 22nd Floor, New York, NY 10038

### E-mail Service Notifications

An email regarding this filing has been sent to the following on 11/06/2023 04:58 PM:

STEWART L. KARLIN - slk@stewartkarlin.com

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | The Department of Education of the City of | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of  1