UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MICHELLENE BARRETT,

                            Plaintiff,

   -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,

                            Defendant.
---------------------------------------------------------X

24-cv-00574-NCM-RML

**AMENDED COMPLAINT**

*Jury Trial Demanded*

Plaintiff MICHELLENE BARRETT, ("Plaintiff") by and through her undersigned attorney Stewart Lee Karlin, Stewart Lee Karlin Law Group, P.C., sues Defendant the Department of Education of The City of New York (henceforth "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action seeking injunctive relief, monetary relief, including past and ongoing economic loss, compensatory, and punitive damages for violations of Constitutionally protected rights given to her as a tenured teacher pursuant to 42 U.S.C. § 1983, Title VII discrimination, Stigma Plus, and the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiff has been deprived of her constitutional rights to due process guaranteed under the Free Exercise Clause and Equal Protection of the Law for committing acts with the intent and for the purpose of depriving Plaintiff of property and liberty rights without due process and for refusing to or neglecting to prevent such deprivations and denials to Plaintiff.

3. Plaintiff was discriminated against for her religious beliefs by the Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, punished for asking for an accommodation/exception to being vaccinated against COVID by the placing of her fingerprints into the "Problem Code" which permanently scars her as guilty of

1

misconduct. As long as Plaintiff is on the Problem Code database, she is blocked from being rehired at the NYCDOE and barred from working for most schools and agencies in the private sector in New York City.

## PARTIES

4.     Plaintiff was an employee of the Department of Education of the City of New York in good standing as a teacher since 2014. Plaintiff has commenced this action pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e et seq., in that Plaintiff was terminated from her employment due to her religion (Christian). This action seeks declaratory relief, equitable relief, back pay, compensatory damages, and attorneys' fees. At all relevant times, Plaintiff is an "employee" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e.

5.     At all relevant times, Defendant has overseen the NYC system of public schools located throughout all five (5) boroughs of the City of New York, and Plaintiff was employed as a teacher with Defendant. The defendant is an employer within the meaning of Title VII.

## JURISDICTION AND VENUE

6.     Plaintiff filed a claim with the United States Equal Employment Opportunity Commissioner ("EEOC") and received her Right to Sue Letter on August 13, 2023. This Action was commenced within ninety (90) days of receipt of the notice of right to sue letter conferring concurrent jurisdiction on this Court. The Court also has concurrent subject matter jurisdiction pursuant to 28 U.S.C. §1331 for claims arising from federal questions under 42 U.S.C. 1983, in particular the protections given by the Fourteenth Amendment. (See the Notice of Right to Sue letter as Exhibit "A").

7.     This action's venue properly lies in the United States District Court for the Eastern District

of New York, pursuant to 28 U.S.C. § 1391, because the New York City Department of Education headquarters is at 65 Court Street in Brooklyn, N.Y. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

8. Defendants were at all times acting under color of law.

## STATEMENT OF FACTS

9. Plaintiff was hired as a teacher by the Department in 2014.

10. Plaintiff had elected not to be vaccinated with a COVID-19 vaccine due to her religious practice. Plaintiff is a and her religious practice prevented her from being vaccinated.

11. Plaintiff is a Christian, and her personally held religious belief prevented her from being vaccinated. Thus, Plaintiff applied for a religious exemption accommodation, saying that she could not and would not be able to get vaccinated due to her religious beliefs. Her beliefs are sincere and deeply held.

12. On September 24, 2021, Plaintiff received a denial of her religious exemption accommodation from the Department.

13. On October 1, 2021, Plaintiff received notice that she could no longer enter the school building starting on October 4, 2021. She was placed on a Leave Without Pay ("LWOP") and could not work.

14. On October 2, 2023, Plaintiff was told that her fingerprints were placed on the Department's "no-hire/inquiry"/" Problem Code" database the very same day she was told she had been placed on LWOP.

15. This Problem Code blocks her from receiving any salary from the Department, tags her file with misconduct, and blocks her from future employment with the DOE and most private schools and agencies in New York City.

3

16. Plaintiff is now guilty of insubordination and suspended from pay without a due process hearing "3020-a" which is guaranteed to her by Law and contract (CBA, Article 21G).

17. Plaintiff duly appealed the decision, and the appeal was denied.

18. The plaintiff was terminated from her employment on March 17, 2022, because she did not get vaccinated with the COVID-19 vaccine and was denied her religious exemption.

19. As a result of the foregoing, Defendant violated Title VII by discriminating against Plaintiff due to her religion, resulting in Plaintiff's termination on March 17, 2022.

20. All conditions precedent has been met prior to filing suit.

21. It has been necessary for Plaintiff to engage the services of an attorney to file and prosecute this action and thus also request attorneys' fees.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR RELIGIOUS DISCRIMINATION-TITLE VII

22. Plaintiff repeats, reiterates, and realleges each and every allegation as if the same were fully set forth at length herein.

23. The plaintiff has sincerely held religious beliefs that forbid her from getting vaccinated with the COVID-19 vaccine.

24. Defendant had knowledge of Plaintiff's sincerely held religious beliefs, denied her exemption request based upon citing "undue burden" on the Department without any further details or reason, and terminated her employment.

25. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her religion, unlawfully discriminating against Plaintiff in the terms and conditions of her employment on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## TITLE VII-REASONABLE ACCOMMODATION

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Plaintiff, is a practicing Christian and requested reasonable accommodations to accommodate her religious practice to wit to be exempt from the vaccine requirements. With this reasonable accommodation, Plaintiff was capable of performing the essential functions of her job.

28. Plaintiff requested reasonable accommodations from Defendants, and Defendant failed to accommodate Plaintiff reasonably.

29. Upon information and belief, some teachers were granted either religious accommodations or medical exemptions and were allowed to either work remotely or some other reasonable accommodation.

30. Reasonably accommodating Plaintiff would not have been an undue hardship on Defendant. Plaintiff would have been able to perform the essential functions of her position with a reasonable accommodation, such as working remotely or a requirement to wear a mask and other accommodations, if Defendant had engaged in the interactive process.

31. As a result of the willful activities of the defendant, the plaintiff has been deprived of equal employment opportunities based upon a failure to accommodate the Plaintiff's religious practice in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. seq.

32. Based on the foregoing, Defendant subjected Plaintiff to discrimination on the basis of her religion, unlawfully discriminating against Plaintiff in the terms and conditions of her employment on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983.

33. As a result of failing to reasonably accommodate Plaintiff, Plaintiff was terminated,

resulting in her being damaged.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS - TITLE VII

34.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35.     Defendant refused to enter into an interactive process of negotiation in violation of Title VII. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

36.     As a result of the willful activities of the Defendant, the Plaintiff has been deprived of equal employment opportunities based on her religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

37.     Plaintiff repeats and re-alleges each and every allegation contained herein.

38.     Defendant while acting under the color of law, unlawfully deprived the Plaintiff of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment of the United States Constitution, in that they engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the Plaintiff's religion and Plaintiff's constitutionally protected conduct. In so doing, Defendants intentionally and, with malicious or bad faith intent to injure Plaintiff, selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment by exempting certain classes of individuals such as entertainers, private sector employees, school bus driver and other from the vaccine requirements. (see https://www.nyc.gov/office-of-the-mayor/news/317-001/emergency-executive-order-317; and https://www.nyc.gov/office-of-the-mayor/news/062-003/emergency-

executive-order-62) Defendants' conduct was intentional, conducted with bad faith, wholly irrational and arbitrary, and to the detriment of Plaintiff.

39. As a direct result of Defendant's violation of the Plaintiff's Fourteenth Amendment rights of equal protection, Plaintiff has suffered irreparable harm for which there is no adequate remedy of law.

40. Defendant's violation of Plaintiff's Fourteenth Amendment rights of equal protection under the law, as alleged herein above, Plaintiff has suffered and is entitled to recover compensatory and nominal damages, costs, and attorneys' fees.

**AS AND FOR A FIFTH CLAIM FOR RELIEF
(VIOLATION OF THE FIRST AMENDMENT
RIGHT TO FREE SPEECH AND RELIGION)**

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. As a result of the Defendant's actions and in actions as set forth above, Plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983 and the Fourteenth Amendment due process rights applying the First Amendment rights of the U.S. Constitution.

43. As a result of Defendant's actions, Plaintiff suffered and was damaged.

44. Defendant has deprived the plaintiff of such rights under the color of State Law.

45. By reason of the foregoing, Defendant unlawfully discrimination against Plaintiff as concerns to his terms, conditions and privileges of employment, in that Defendants by not allowing her to practice her religion and causing her termination.

46. Defendant has deprived the plaintiff of such rights under the color of State Law. These acts by Defendants are in violation of Plaintiff's rights to practice her religion guaranteed under the First Amendment to the United States Constitution.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
## FOR A VIOLATION OF §1983

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Defendant is a state actor who, at all times, was acting under the color of state law.

49. The NYCDOE implemented the DOH Vaccine Mandate without any statutory or contractual authority to do so. As a result, Plaintiff, who, due to her religious beliefs, was unable to comply and take a vaccine, was suspended without pay and ultimately terminated from her employment without due process.

50. The NYCDOE paid Arbitrator Martin Sheinman, who created the unconstitutional Leave Without Pay that resulted in Plaintiff being without pay and without due process.

51. On November 28, 2021, the Court of Appeals for the Second Circuit declared Scheinman's September 10, 2021 Award, which created the LWOP, "Constitutionally suspect, and stopped SAMS from any further hearings. (Kane v. NYC DOE Case No. 21-2711)

52. The replacement panel, the Citywide Appeals Panel, was no better and was a violation of Federal due process under Title VII and the First and 14th Amendments.

53. Plaintiff suffered a denial of her federal statutory rights and constitutional rights and privileges.

54. The plaintiff was punished with wrongfully being terminated for her "insubordination" in not getting vaccinated with the COVID-19 vaccine.

55. Education Law Section 3020, Chapter 16, Title 4, Article 61 states as follows:

> "Discipline of teachers. 1. No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article"
>
> and,

> "2. No person enjoying the benefits of tenure shall be suspended for a fixed time without pay or dismissed due to a violation of article thirteen-E of the public health law….. (iii) the provisions of subdivisions one and two of this section shall not apply to agreements negotiated pursuant to this subdivision…"

56. Plaintiff did not, at any time, waive her rights to a 3020-a hearing on her religious exemption request.

57. However, the Department declared the Plaintiff insubordinate, flagged her personnel file, and tagged her fingerprints with a "Problem Code" designating misconduct. This has created a stigma because it impugns her professional and personal reputation and directly impacts her ability to secure employment in New York City.

58. Additionally, a waiver of a teacher's tenure rights must be knowingly and freely given.

59. Based on the foregoing, Defendant failed to provide Plaintiff with due process pursuant to the 14th Amendment of the United States Constitution and deprived her of constitutional rights given to her as part of her tenure status.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, the Plaintiff demands judgment against the Defendants for all compensatory, emotional, psychological, and punitive damages and any other damages permitted by law pursuant to the above-referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1. Reinstating Plaintiff to her former position and salary retroactively with seniority and benefits.

2. Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay;

3. Compensatory damages for past and future economic deprivation;

9

4. An Award of reasonable Attorney fees and litigation costs;

5. Granting such other and further relief that the Court seems just and proper.

Dated: New York, New York
May 24, 2024

                    Respectfully Submitted,

STEWART LEE KARLIN
LAW GROUP, PC

s/ *Stewart Lee Karlin*
STEWART LEE KARLIN, ESQ.
*Attorney for Plaintiff*
111 John Street, 22nd
Floor New York, NY 10038
(212) 792-9670